IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bernardo Evans,<br><br>                    Petitioner,<br><br>vs.<br><br>Randall Williams,<br><br>                    Respondent. | C/A No.: 6:18-1238-JFA-KFM<br><br><br>**ORDER** |

## I.    INTRODUCTION

Bernardo Evans, ("Petitioner"), is currently incarcerated at McDougal Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). Petitioner, proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On September 10, 2018, Randall Williams ("Respondent") filed a Motion for Summary Judgment and filed a return with a memorandum of law in support. (ECF Nos. 24 & 25). On September 11, 2018, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 26). On December 11, 2018, Petitioner responded. (ECF No. 37). On December 18, 2018, Respondent replied to Petitioner's response. (ECF No. 39). On that same day, Respondent filed a Motion to Strike the Response in Opposition. (ECF No. 40). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for Summary Judgment and dismiss the petition because (1) Grounds 1.2, 1.4, 2, and 3 are procedurally barred and because (2) Petitioner cannot succeed on the merits for his claims of ineffective assistance of counsel under Grounds 1.1 and 1.3. (ECF No. 45). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket on June 28, 2019. (ECF No. 45). Petitioner filed timely objections to the Report ("Objections") on July 11, 2019. (ECF No. 48). Thus, this matter is ripe for review.

II. **LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that

"might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III. DISCUSSION

Petitioner asserts three grounds for relief. However, Ground 1 can be broken up into four parts.

1. Ineffective assistance of counsel for:
    a. (1.1) failure to investigate;
    b. (1.2) failure to present or obtain trial expert concerning drug addiction;
    c. (1.3) pressure by counsel to plead guilty;
    d. (1.4) failure to consider or investigate the defense of intoxication.
2. Involuntary guilty plea because of waiver of presentment to the grand jury
3. Plea counsel's failure to file a notice of appeal

First, the Magistrate Judge opines that Grounds 1.2, 1.4, 2, and 3 are procedurally barred as direct claims. The Magistrate Judge explains:

> Here, the following grounds are procedurally barred as direct claims because they were not raised to the state court for review: Ground 1.2 (ineffective assistance of counsel for failure to present or obtain trial expert concerning drug addiction), Ground 1.4 (ineffective assistance of counsel for failure to consider or investigate the defense of intoxication), Ground 2 (involuntary guilty plea because of waiver of presentment to the grand jury), and Ground 3 (plea counsel's failure to file a notice of appeal).

(ECF No. 45 p. 11). The Magistrate Judge further explains:

> Although the petitioner did include Grounds 1.2 and 3 in his PCR application, they were not presented to the Supreme Court of South Carolina in the petitioner's petition for writ of certiorari (app. 31, 37). Ground 1.4 was not mentioned in the petitioner's PCR application or before the Supreme Court of South Carolina. Ground 2 was not included in the petitioner's PCR application, although it was tangentially covered at the PCR hearing (app. 70, 71). Nevertheless, despite its inclusion in the petitioner's PCR hearing, the petitioner has not shown that it was presented to the Supreme Court of South Carolina for review (*see* docs. 24-2, 24-3). As such, because the above grounds were not fully and finally presented for review in the state courts, as outlined, they are procedurally barred from federal habeas review absent a showing of cause and prejudice. *Coleman*, 501 U.S. at 749–50.

(ECF No. 45 p. 11).

Petitioner attempts to object to the Magistrate Judge's suggestion that Grounds 1.2, 1.4, 2, and 3 are procedurally barred. Petitioner states:

> All of the Grounds no matter how you look at or separate them have been brought up all through out legal journey. The issues being raised in this court are talked about some way some how in each stage of his past proceeding. However his issues haven't been argued to the fullest by his appointed counsel all throughout his legal proceeding, making it hard even with the attached evidence and the hearing transcripts that have been provided by the petitioner to prove his point unless the courts look at this case as a whole from top to bottom, to front to back and from hearing to hearing.

(ECF No. 48 p. 5).

As the Magistrate Judge correctly points out, federal habeas courts will not hear claims that are procedurally defaulted due to the failure of the petitioner to present the claim in the highest state court with jurisdiction to hear the claim. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991). Petitioner has not made any specific objections because his general and conclusory statement that the grounds "have been brought up all throughout [his] legal journey" does not point this Court to any specific error in the Magistrate Judge's Report.

Next, the Magistrate Judge correctly opines that Petitioner has failed to establish cause for any procedural default. (ECF No. 45 ps. 11–14). In an attempt to object to this proposed finding, Petitioner asserts that "these issues have been raised but if the court doesn't feel as if they were consider (*Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012)." (ECF No. 48 p. 5). Petitioner goes on to explain the law regarding a prisoner establishing cause for default and prejudice from the asserted error. Petitioner restates the law explaining how a petitioner must show cause, or alternatively, a petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice. (ECF No. 48 ps. 5–6).

After summarizing the applicable law, Petitioner argues:

> The petitioner has indeed established cause for procedural default if need be and with attached evidence and transcripts proves that he is indeed innocent of the charges and fully and knowing and understanding that being an attorney maybe overwhelming, because of heavy work loads long days and nights many days in the office and court rooms and simple being human that his attorneys where not at the high standard that they should have been for him at the time, leaving petitioner in a stranded state and begging favor and that they please look at the records in a whole . . . .

(ECF No. 48 ps. 6–7). Petitioner ends with asking "the court please look at the record as a whole because his issues [. . .] indeed have merits with this court and proving all the ways that Grounds 1-5 are true . . ." (ECF No. 48 p. 7).

Again, Petitioner has not made any specific objections because his general and conclusory statements that he "has indeed established cause for procedural default" and that all the evidence "proves he is innocent of the charges" do not point this Court to any specific error in the Magistrate Judge's Report.

However, in light most favorable to Petitioner, he appears to make one specific objection to the Magistrate Judge's proposed factual findings. In a footnote, the Magistrate Judge states:

> It does not appear that the petitioner filed an amended application with the Horry County Clerk of Court prior to his PCR hearing. However, the record indicates that an amendment of some kind was served on the respondent the day before the PCR hearing (app. 48–49). This pleading was not filed with Horry County Clerk of Court, nor was it included in the PCR appendix. The respondent states that he has been unable to locate a copy of this pleading, but it is nevertheless absent from the state court record.
>
> Petitioner objects by stating:
>
> > This is all false because the petitioner has entered a stamped copy of amendment into evidence that one does indeed exist and even though his PCR Attorney had a copy a whole year before the PCR hearing he never the least still gave a copy to the (AG). (Please see Attachment (1) a dated and clock stamped copy of the petitioner's Amendment to his PCR.

(ECF No. 48 p. 4).

However, Petitioner did not include any attachments to his objections for this Court's review. It appears Petitioner did not include his alleged amended PCR application as "Attachment (1)" to his objections. Thus, his objection is without merit.

In any event, the Magistrate Judge opines: "Grounds 1.2, 1.4, 2, and 3 were procedurally defaulted because (in addition to some not being raised before the PCR court) they were not raised to the Supreme Court of South Carolina in the petitioner's petition for writ of certiorari." (ECF No. 45 p. 12). In a footnote, the Magistrate Judge further states:

> This is true even assuming, *arguendo*, that the petitioner's proposed amended PCR application was filed with the PCR court. The petitioner had the opportunity to raise these grounds for relief in his petition for a writ of certiorari to the South Carolina Supreme Court (see doc. 24-3 (petitioner's pro se brief in support of his petition for a writ of certiorari to the South Carolina Supreme Court)).

(ECF No. 45 p. 12 n.5).

Thus, even assuming Petitioner did in fact file his amended PCR application, Petitioner had the opportunity to raise these grounds for relief in his petition for a writ of certiorari to the South Carolina Supreme Court and failed to do so. Thus, assuming Petitioner's objection to the

proposed factual finding that he did not file an amended PCR application is meritorious, Grounds 1.2, 1.4, 2, and 3 are *still* procedurally barred.

Lastly, the Magistrate Judge correctly opines that Petitioner cannot succeed on the merits for his claims of ineffective assistance of counsel in Grounds 1.1 and 1.3. The Magistrate Judge explains:

> The PCR court's rejection of the ineffective assistance of counsel (failure to investigate) ground for relief was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The PCR court found that the petitioner failed to meet the first and second prongs of *Strickland* and noted that the petitioner's testimony was not credible while finding plea counsel's testimony credible (app. 84). The PCR court's factual determinations regarding credibility are entitled to deference, and there is a presumption of correctness that attaches to state court factual findings. *See* 28 U.S.C. § 2244(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324–25 (4th Cir. 2008) (internal citation omitted). Further, despite the outline of actions the petitioner alleges plea counsel should have taken, there is nothing in the state court record demonstrating that plea counsel conducted an inadequate investigation.
>
> [. . .]
>
> The PCR court's rejection of the ineffective assistance of counsel (involuntary guilty plea based upon pressure by counsel) ground for relief was not based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence available to the state court. 28 U.S.C. § 2254(d). The PCR court found that in light of the guilty plea transcript and the testimony by plea counsel (despite testimony by the petitioner found to be not-credible) that the plea was freely, voluntarily, knowingly, and intelligently made (app. 85–87). The PCR court's factual determinations regarding credibility are—as noted—entitled to deference. *See* 28 U.S.C. § 2244(e)(1). Moreover, despite the petitioner's arguments regarding his misunderstanding of the charges to which he was pleading guilty and that plea counsel was deficient in forcing him to plead guilty, there is nothing in the state court record to support the petitioner's assertions.

Petitioner does not object to this section of the Report.[2] In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 45). Thus, Respondent's Motion for Summary Judgment is **granted** (ECF No. 25) and Petitioner's habeas petition is **dismissed** with prejudice (ECF No. 1). In light of the foregoing, Respondent's Motion to Strike the Response in Opposition (ECF No. 40) is **denied as moot**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 15, 2019　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge

---

[2] This Court notes the only conceivable attempt to object to this portion of the Report is Petitioner's statement that "Grounds 1-5 are true . . . ." This general and conclusory objection, which is also a rehash of the petition, is not specific. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."